IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCHEAREAN JEAN MEANS,

    Petitioner,

v.                                                   CASE NO. 4:05-cv-00141-MP-AK

JOSE VASQUEZ,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, filed by Schearean Jean Means. By separate order, the Court granted Petitioner leave to proceed *in forma pauperis*.

Petitioner was convicted on March 18, 1996, in the United States District Court for the Northern District of Alabama on one count of drug conspiracy, one count of possession with intent to distribute cocaine and cocaine base, and five counts of using a telephone to facilitate a drug offense. *See Means v. Hancock*, 2002 WL 32161163 (11th Cir.). She was sentenced to life imprisonment. Petitioner's conviction and sentence were affirmed on appeal. *United States v. Means*, 156 F.3d 185 (11th Cir. 1998).

Petitioner's first motion for § 2255 relief was denied on July 2, 2002. *United States v. Means*, 2:95cr129-JHH (N.D. Ala.) at Doc. 1507. She filed a second or successive § 2255 motion on March 7, 2005, raising the same claims at issue here. *Id*. That motion was dismissed, as it had not been authorized by the court of appeals. *Id*.

Petitioner has also previously brought all of her claims, excepting the *Booker* claims, before this Court in a prior § 2241 proceeding. *Means v. Clark*, 4:02cv385-RH/WCS (N.D. Fla).

That petition was summarily dismissed based on the fact that Petitioner raised claims which could only be pursued on direct appeal or in a § 2255 proceeding.

The Court reaches the same conclusion on this occasion as well. Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. The question presented here is whether the savings clause of § 2255, which permits a federal prisoner to seek § 2241 habeas corpus relief when a motion to vacate is "inadequate or ineffective to test the legality of...detention," affords Petitioner any relief on this occasion. In *Wofford v. Scott*, the Eleventh Circuit found that the savings clause of § 2255 applies to a claim only when:

> (1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999). "[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent." *Id*. at 1245. The question of actual innocence is not triggered until a determination is made that a petitioner can proceed under § 2241. *Id*. at 1244 n.3.

Except for the *Booker* claims, the claims presented on this occasion are the same claims that Petitioner has presented in one form or another to the Alabama district court or to this Court.

They are all claims that should have been presented at sentencing or on direct appeal or are constitutional challenges which were or should have been raised in Petitioner's § 2255 motion. Because there is no retroactively applicable Supreme Court decision which has been rendered in the interim to "open the portal to a § 2241 proceeding," *id.*, the savings clause of § 2255 is not triggered so as to allow this § 2241 habeas corpus petition to proceed. Like the petitioner in *Wofford*, instant Petitioner "had a procedural opportunity to raise each of h[er] claims and have it decided at [sentencing] or on appeal," *id.* at 1245, or in a timely filed § 2255 motion. In this Court's view, Petitioner is "attempting to use § 2241 simply to escape the restrictions on second or successive § 2255 motions," *id.*, and the savings clause does not exist to free a prisoner from those restrictions.

      As to the *Booker* claims, the Court reaches the same conclusion. Following its decision in *Blakely*, which involved the constitutionality of state guidelines, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines as well. *United States v. Booker*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2204). However, the Eleventh Circuit has recently determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). *Booker* itself does not address its retroactivity, and without an indication from the Supreme Court that its ruling is retroactively applicable to cases on collateral review so as to "open the portal to a § 2241 proceeding," *id.*, the savings clause of § 2255 is not triggered to allow this § 2241 habeas corpus petition to proceed.

Although the Court does not base its decision on abuse of the writ, it notes that the doctrine remains viable.  *See* 28 U.S.C. § 2244(a); *Glumb v. Honsted*, 891 F.2d 872 (11th Cir. 1990).

Accordingly, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, be **DENIED**, and this cause **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this __**5th**__ day of July, 2005.

**s/ A. KORNBLUM**
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**